UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**MANUEL CASTANEDA PRIMERO**  **PLAINTIFF**
*Aka Manuel Castaneda*

v.  CIVIL ACTION NO. 3:24-cv-200-BJB

**JEREMY BARUM**  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

On review of Plaintiff's application to proceed without preprepayment of fees, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a) and **GRANTS** the application (DN 3).

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2).[1] *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Plaintiff's complaint against Jeremy Barum, whom he identifies as the CEO of JP Morgan Chase, is replete with the hallmarks of so-called "sovereign-citizen theory." As basis for federal-question jurisdiction, he states, "tort of conversion" and identifies the amount in controversy as "Final Judgment $1,200,000 lawful money demand deposit account discharge dollar for dollar." His statement of claim is as follows:

> Silent acquiessence agreement. Exhibit A returned receipt. Final judgment. Manuel Castaneda Living Trust. Assignment of property/Manuel Castaneda as grantor, hereby assign and transfer all my rights, title, and interest in the following property: all shares in Manuel Castaneda, estate TIN# 93-3179001 located at 10419

---

[1] Under § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

      Watterson Trail, Jeffersontown, Kentucky 40299 account # _____ to Castaneda, Manuel Primero as trustee.

The signature portion of the complaint includes the words "non-domestic/non-assumpsit."[1]

      Plaintiff attaches as Exhibit A what purports to be a commercial security agreement between "Manuel P. Castaneda, a Legal Entity," and "Manuel P. Castaneda a man1man5164 Keegan Way Louisville/Jefferson, Kentucky Republic . . . [Non-domestic]." That document identifies Plaintiff as both the "debtor," with reference to his birth certificate, and as the secured party.

      "[S]overeigns believe they can use the court systems to access funds tied to their birth certificate and Social Security numbers, through a tactic known as 'redemption.'" *United States v. Cook*, No. 3:18-CR-00019, 2019 WL 2721305, at *2 (E.D. Tenn. June 28, 2019) (citation omitted). Specifically, they believe that "since the gold standard was abolished, [] strawman accounts have been used to secure government debt; by filing the right documents, the flesh-and-blood person can 'redeem' money from the strawman account." *Id.* (citation omitted). Although the Complaint Form is hardly clear, this appears to be what Plaintiff attempts to do here.

      Courts have repeatedly rejected, as frivolous, arguments based on the theory of sovereign citizenship. *See, e.g.*, *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) ("Courts . . . have summarily rejected [sovereign citizens'] legal theories as frivolous."); *McCormack v.*

---

[1] *See, e.g.*, *United States v. Svoboda*, 633 F.3d 479, 480 (6th Cir. 2011) (noting that sovereign-citizen filing contained "print at the bottom stating 'All Rights Reserved: Non–Assumpsit'"); *Gonzalez v. Litteral*, No. 4:17CV-P106-JHM, 2017 WL 11717200, at *1 (W.D. Ky. Dec. 20, 2017) (noting that sovereign-citizen litigant described himself as "Natural Born, Native American Israelite, a Flesh and Blood Live Being, Non-Resident, Non-Belligerent, Non-Combatant, Non-Surety, Non-Assumpsit . . ."); *In re Kozma*, No. 8:21-BK-4795-CPM, 2023 WL 6376376, at *2 (M.D. Fla. Sept. 29, 2023) (filing which "contained incomprehensible and irrelevant verbiage reminiscent of court filings by so-called 'sovereign citizens'" referred to Florida as "a non-military occupied private area, 'non-domestic'); *Wik v. Kunego*, No. 11-CV-6205-CJS, 2014 WL 1746477, at *7 (W.D.N.Y. Apr. 30, 2014) ("Plaintiff's complaint displays some of the oddities identified . . . as a sign of . . . a [sovereign-citizen] litigant. For example, Mr. Wik has always maintained that his mail be addressed using "c/o non-domestic.").

*Hollenbach*, No. 3:18-CV-P617-RGJ, 2019 WL 360522, at *2 (W.D. Ky. Jan. 29, 2019) ("Sovereign citizen arguments are recognized as frivolous and a waste of court resources.") (internal quotation marks and citation omitted). "Claims based on 'sovereign citizen' theories may be dismissed without 'extended argument' as patently frivolous." *Adkins v. Kentucky*, No. 3:18-MC-26, 2018 WL 6528462, at *1 (W.D. Ky. Dec. 12, 2018) (quoting *United States v. Ward*, No. 98-30191, 1999 WL 369812, at *2 (9th Cir. May 13, 1999)).

Under *Apple v. Glenn*, dismissal for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate when the allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d 477, 479 (6th Cir. 1999). Because the legal theories espoused in this action are frivolous, the Court, by separate Order, will dismiss this lawsuit for lack of subject-matter jurisdiction.

Date: April 9, 2024

Benjamin Beaton, District Judge
United States District Court

cc:   Plaintiff, *pro se*
B213.009